UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

JAMES B. HURLEY
And BRANDI HURLEY,

     Plaintiffs

                              Case: 2:07-cv-11924

-vs-                        HON. NANCY G. EDMUNDS

                              Magistrate Steven R. Whalen

DEUTSCHE BANK TRUST COMPANY AMERICAS
f/k/a Banker's Trust Company, as Trustee and Custodian by:
SAXON MORTGAGE SERVICES, INC.,
DAVID C. LOHR,
And ORLANS ASSOCIATES, P.C.,

     Defendants.

Matthew Cooper (P43072)
Attorney for Plaintiff
181 W. Michigan Ave, ste 1
PO Box 520
Paw Paw, MI  49079
269 657 3177

Orlans Associates, P.C.
TIMOTHY B. MYERS (P48152)
Attorney for Defendants DAVID C. LOHR and ORLANS ASSOCIATES, PC
P.O. Box 5041
Troy, MI  48007-5041
248 457 1000
tmyers@orlans.com

**DEFENDANTS DAVID C. LOHR AND ORLANS ASSOCIATES, P.C.'S
<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

       NOW COME Defendants David C. Lohr ("Lohr") and Orlans Associates P.C.

("Orlans"), by and through counsel, and submit this ANSWER and Affirmative Defenses,

as follows:

1. Admit that James B. Hurley alleges he is plaintiff; no mention is made in this paragraph, however, to the other named plaintiff Brandi Hurley.

2. Admit as it relates to Defendants Lohr and Orlans.

3. Admit that the SCRA is provides a basis for this Court to exercise jurisdiction.

## COUNT I: VIOLATION OF SCRA

4. Unknown at this time and therefore denied; Defendants Lohr and Orlans leave Plaintiffs to their proofs.

5. Denied that the mortgage at issue here was entered into in 1996 for the reason it was executed on September 30, 2003; the other allegations are denied as unknown.

6. Denied as untrue that Plaintiff—James Hurley was "called to active service" on June 9, 2004; further denied that Exhibit 1 supports the allegation that he was "called to active service" on June 9, 2004, for the reason that Exhibit 1 reveals his active duty commenced on October 25, 2004.

7. Admit that a foreclosure sale occurred on October 14, 2005, and Exhibit 2 speaks for itself; denied as untrue that Plaintiff "was on full time active service" at the time the property was foreclosed.

8. Admit.

9. Admit.

10. Admit.

11. Denied as untrue that Plaintiff—James Hurley was "in the military service on full-time status" as of June 9, 2004; further, denied that Exhibit 2 supports this allegation.

12. Admit.

13. Admit.

14. Upon information and belief formed after review of Plaintiffs' Exhibit 1, Defendants Lohr and Orlans admit that Plaintiff—James Hurley's active duty commenced on October 25, 2004.

15. Defendants Lohr and Orlans admit that an eviction action was commenced upon the expiration of the statutory redemption period following the foreclosure sale. Defendants Lohr and Orlans are without knowledge of Plaintiff's physical location at the time the eviction action was commenced and therefore deny the allegation; further, Defendants Lohr and Orlans deny that Plaintiff—Brandi Hurley and their children were "evicted" for the reason that they, upon information and belief, voluntarily vacated the premises and no Writ of Eviction was ever executed.

16. Unknown at this time and therefore denied; Plaintiffs are left to their proofs.

17. Denied that Plaintiffs had any interest to relinquish, for the reason that their interest was extinguished upon expiration of the statutory redemption period following the foreclosure sale.

18. Denied as untrue: Exhibit 5 is an unaddressed form letter and reflects no indicia of reliability.

19. Denied as untrue.

20. Defendants Lohr and Orlans are without knowledge of what communication took place between the plaintiffs regarding Plaintiff—Brandi Hurley's decision to voluntarily relinquish possession of the property, and therefore the allegation is denied; further, Defendants deny that Exhibit 6 supports the allegations raised in this paragraph.

21. Denied as untrue.

WHEREFORE, Defendants Lohr and Orlans request this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award them costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

### COUNT II: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

22. No response is required.

23. Denied as untrue.

WHEREFORE, Defendants request this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendants costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

### COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. No response is required.

25. Denied as untrue.

26. Denied as untrue.

WHEREFORE, Defendants request this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendants costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

## COUNT IV: FRAUD

27. No response is required.

28. Denied as untrue.

29. Admit, but deny the relevancy of this fact to the claim for fraud; further deny that Defendant Lohr ever had any contact with Plaintiffs.

30. Admit, but deny the relevancy of this fact to the claim for fraud; further deny that Defendant Lohr ever had any contact with Plaintiffs.

31. Admit, but deny the relevancy of this fact to the claim for fraud; further deny that Defendant Lohr ever had any contact with Plaintiffs.

32. Denied as untrue; further, denied that Exhibit 2 supports the allegations found in this paragraph.

33. Denied as untrue.

34. Denied as untrue.

WHEREFORE, Defendants request this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendants costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

## COUNT V: CONVERSION

35. No response is required.

36. Denied as untrue.

37. Denied as untrue.

38. Admit.

39. Denied as untrue.

40. Denied as untrue.

41. Denied as untrue.

WHEREFORE, Defendants request this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendants costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff is barred from recovery pursuant to the Statute of Frauds.

3. Plaintiff is barred from recovery pursuant to the Statute of Limitations.

4. Plaintiff is barred from recovery as a result of his own wrongful or negligent conduct.

5. Plaintiff's actions or omissions are the direct and/or proximate cause of all damages alleged in the Complaint.

6. Plaintiff's claims are barred as a result of his failure to mitigate his alleged damages.

7. Defendants acted reasonably and performed its duties and obligations with due care at all times relevant to the above caption case.

8. Defendant Lohr was acting within the scope of his employment.

9. Defendants complied with Michigan Foreclosure By Advertisement statute MCL 600.3201 et seq.

10. There were no misrepresentations made to Plaintiff.

11. All notice requirements under the mortgage have been complied with.

12. Plaintiff is barred under the doctrines of accord and satisfaction; waiver; collateral estoppel; and res judicata, and prior agreement to arbitrate.

13. Defendants reserve the right to assert any other affirmative defenses that may become known through further research and discovery.

Respectfully Submitted:

ORLANS ASSOCIATES, P.C.

Dated: May 22, 2007
s/Timothy B. Myers___
Timothy B. Myers (P48152)
Attorney for Defendants David Lohr and Orlans
P.O. Box 5041
Troy, MI 48007
(248) 457-1000
tmyers@orlans.com