UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES B. HURLEY and BRANDI
HURLEY, jointly and severally,

        Plaintiffs,

v.

DEUTSCHE BANK TRUST COMPANY
AMERICANS f/k/a Banker's Trust
Company, as Trustee and Custodian by:
SAXON MORTGAGE SERVICES, INC.,
f/k/a Meritech Mortgage Services, Inc.,
DAVID C. LOHR and ORLANS
ASSOCIATES, P.C.,

        Defendants.
_____/

Case No. 2:07-cv-11924
Hon. Nancy G. Edmunds
Referral Judge: R. Steven Whalen

Matthew R. Cooper (P43072)
Schuitmaker, Cooper, Schuitmaker & Cypher, P.C.
Attorneys for Plaintiffs
181 W. Michigan Ave., Suite 1
P.O. Box 520
Paw Paw, MI 49079
(269) 657-3177

Jessica B. Allmand (P59128)
Myers & Allmand, PLLC
Attorneys for Defendants, Deutsche Bank Trust Company Americans f/k/a Banker's Trust Company, as Trustee and Custodian by: Saxon Mortgage Services, Inc. f/k/a/ Meritech Mortgage Services, Inc.
8163 Grand River Avenue, Suite 400
Brighton, MI 48114
(810) 229-6620

Timothy B. Myers (P48152)
Orlans Associates
Attorneys for Defendants, David C. Lohr and Orlans Associates, P.C.
P.O. Box 5041
Troy, MI 48007-5041
(248) 457-1000
_____/

**DEFENDANTS, DEUTSCHE BANK TRUST COMPANY AMERICANS f/k/a BANKER'S TRUST COMPANY, AS TRUSTEE AND CUSTODIAN BY: SAXON MORTGAGE SERVICES, INC., f/k/a MERITECH MORTGAGE SERVICES, INC.'S, ANSWER TO COMPLAINT FOR DAMAGES RESULTING FROM VIOLATIONS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT AND AFFIRMATIVE DEFENSES**

NOW COME Defendants, Deutsche Bank Trust Company Americans f/k/a Banker's Trust Company, as Trustee and Custodian by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. (collectively "Defendants"), by and through their attorneys, Myers & Allmand, PLLC, and for their Answer to Plaintiffs' Complaint ("Complaint"), state:

1. In response to the allegation set forth in paragraph 1 of Plaintiffs' Complaint, Defendants admit this allegation as true.

2. In response to the allegations set forth in paragraph 2 of Plaintiffs' Complaint, Defendants admit these allegations as true as to Deutsche Bank Trust Company Americans f/k/a Banker's Trust Company, as Trustee and Custodian by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc.

3. In response to the allegations set forth in paragraph 3 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof as the subject property of the Complaint is located in Paw Paw, Michigan, in the western district of Michigan, and Plaintiffs' Complaint does not indicate where Plaintiffs are currently residing.

## COUNT I - VIOLATION OF SCRA

4. In response to the allegations set forth in paragraph 4 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof.

5. In response to the allegations set forth in paragraph 5 of Plaintiffs' Complaint, Defendants admit that Mr. Hurley executed a mortgage after purchasing the residence located at 53107-59-1/2 Street, Hartford, Michigan 49057. As for the remaining allegations in this paragraph,

Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof.

6. In response to the allegations set forth in paragraph 6 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof, and further answers that Exhibit 1 to Plaintiffs' Complaint does not attest to a June 9, 2004 active duty service date for Plaintiff, but instead purports to give an active duty service date beginning October 25, 2004 .

7. In response to the allegations set forth in paragraph 7 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations that Plaintiff was on full-time active service in the U.S. Army when the subject property was foreclosed on for lack of information upon which to form a belief as to the truth thereof. Further, Defendants admit that a sheriff's deed on the mortgage foreclosure was recorded with the Van Buren County Register of Deeds on October 25, 2004.

8. In response to the allegation set forth in paragraph 8 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof, and for the reason that these allegations do not pertain to Defendants.

9. In response to the allegations set forth in paragraph 9 of Plaintiffs' Complaint, Defendants neither admit nor deny as the Affidavit speaks for itself, and the allegations do not pertain to Defendants.

10. In response to the allegations set forth in paragraph 10 of Plaintiffs' Complaint, Defendants neither admit nor deny as the Affidavit speaks for itself, and the allegations do not pertain to Defendants.

11. In response to the allegations set forth in paragraph 11 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof.

12. In response to the allegations set forth in paragraph 12 of Plaintiffs' Complaint, Defendants admit that the subject property was purchased at a valid foreclosure sale.

13. In response to the allegations set forth in paragraph 13 of Plaintiffs' Complaint, Defendants admit the allegations as true.

14. In response to the allegations set forth in paragraph 14 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof.

15. In response to the allegations set forth in paragraph 15 of Plaintiffs' Complaint, Defendants neither admit nor deny that Plaintiff was in Iraq at the expiration of the redemption period for lack of information upon which to form a belief as to the truth thereof, and admit that Plaintiff was named in an eviction proceeding.

16. In response to the allegations set forth in paragraph 16 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof.

17. In response to the allegations set forth in paragraph 17 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegation that Plaintiff never agreed to relinquish his interest in his home for lack of information upon which to form a belief as to the truth thereof, and admit that Plaintiff was the only signer on the subject mortgage..

18. In response to the allegations set forth in paragraph 18 of Plaintiffs' Complaint, Defendants deny that they received notice from Plaintiff that he was in the United States

military on full-time active service prior to their foreclosure action. Further, Defendants deny that they received either verbal or written communication from Plaintiff in relation to their interest rate on his mortgage, as Exhibit 5 in itself purportedly appears to be a form letter that in no way gives notice to Defendants of Plaintiffs' active duty status.

19. In response to the allegations set forth in paragraph 19 of Plaintiffs' Complaint, Defendants deny they received communications from Plaintiffs that they were in violation of the SCRA. Further, Defendants were not present during the eviction proceeding, as they were represented by counsel.

20. In response to the allegations set forth in paragraph 20 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof.

21. In response to the allegations set forth in paragraph 21 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof.

WHEREFORE, Defendants respectfully request that this Court dismiss Count I of Plaintiffs' Complaint with prejudice; award Defendants their costs, including reasonable attorneys fees, for having to defend this action; and grant such further relief as this Court deems just and equitable.

**COUNT II - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

22. Defendants hereby reallege and incorporate paragraphs 1 through 21 of their Answer as though each were fully set forth herein.

23. In response to the allegation set forth in paragraph 23 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegation for the reason that it constitutes a legal

conclusion to which no response is required, and further that Defendants lack information upon which to form a belief as to the truth thereof.

WHEREFORE, Defendants respectfully request that this Court dismiss Count II of Plaintiffs' Complaint with prejudice; award Defendants their costs, including reasonable attorneys fees, for having to defend this action; and grant such further relief as this Court deems just and equitable.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. Defendants hereby reallege and incorporate paragraphs 1 through 23 of their Answer as though each were fully set forth herein.

25. In response to the allegations set forth in paragraph 25 of Plaintiffs' Complaint, Defendants deny the allegations as untrue.

26. In response to the allegations set forth in paragraph 26 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof.

WHEREFORE, Defendants respectfully request that this Court dismiss Count III of Plaintiffs' Complaint with prejudice; award Defendants their costs, including reasonable attorneys fees, for having to defend this action; and grant such further relief as this Court deems just and equitable.

## COUNT IV - FRAUD

27. Defendants hereby reallege and incorporate paragraphs 1 through 26 of their Answer as though each were fully set forth herein.

28. In response to the allegations set forth in paragraph 28 of Plaintiffs' Complaint, Defendants deny the allegations as untrue.

29. In response to the allegation set forth in paragraph 29 of Plaintiffs' Complaint, Defendants neither admit nor deny this allegation as the affidavit/document speaks for itself and further Defendants neither admit nor deny this allegation for the reason that the allegation does not pertain to these Defendants.

30. In response to the allegation set forth in paragraph 30 of Plaintiffs' Complaint, Defendants neither admit nor deny this allegation as the affidavit/document speaks for itself and further Defendants neither admit nor deny this allegation for the reason that the allegation does not pertain to these Defendants.

31. In response to the allegation set forth in paragraph 31 of Plaintiffs' Complaint, Defendants neither admit nor deny this allegation as the affidavit/document speaks for itself and further Defendants neither admit nor deny this allegation for the reason that the allegation does not pertain to these Defendants.

32. In response to the allegation set forth in paragraph 32 of Plaintiffs' Complaint, Defendants neither admit nor deny this allegation as the affidavit/document speaks for itself and further Defendants neither admit nor deny this allegation for the reason that the allegation does not pertain to these Defendants. Further, Plaintiffs' Exhibit 2, referenced in paragraph 32, does not reflect that Plaintiffs' service on active duty began on June 9, 2004.

33. In response to the allegations set forth in paragraph 33 of Plaintiffs' Complaint, Defendants deny that they offered to pay Ms. Hurley any funds.

34. In response to the allegation set forth in paragraph 34 of Plaintiffs' Complaint, Defendants neither admit nor deny this allegation for the reason that it constitutes a legal conclusion to which no response is required.

WHEREFORE, Defendants respectfully request that this Court dismiss Count IV of Plaintiffs' Complaint with prejudice; award Defendants their costs, including reasonable attorneys fees, for having to defend this action; and grant such further relief as this Court deems just and equitable.

## COUNT V - CONVERSION

35. Defendants hereby reallege and incorporate paragraphs 1 through 34 of their Answer as though each were fully set forth herein.

36. In response to the allegation set forth in paragraph 36 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegation that there was equity in the subject property for lack of information upon which to form a belief as to the truth thereof and further deny that Defendants wrongfully foreclosed on the mortgage, evicted Plaintiffs from the residence and converted Plaintiffs' residence for their own benefit.

37. In response to the allegations set forth in paragraph 37 of Plaintiffs' Complaint, Defendants deny these allegation as untrue.

38. In response to the allegation set forth in paragraph 38 of Plaintiffs' Complaint, Defendants admit that they have not paid any funds to Plaintiffs.

39. In response to the allegation set forth in paragraph 39 of Plaintiffs' Complaint, Defendants neither admit nor deny this allegation for lack of information upon which to form a belief as to the truth thereof.

40. In response to the allegation set forth in paragraph 40 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegation for the reason that it constitutes a legal conclusion to which no response is required.

41. In response to the allegation set forth in paragraph 41 of Plaintiffs' Complaint, Defendants neither admit nor deny the allegation for the reason that it constitutes a legal conclusion to which no response is required.

WHEREFORE, Defendants respectfully request that this Court dismiss Count V of Plaintiffs' Complaint with prejudice; award Defendants their costs, including reasonable attorneys fees, for having to defend this action; and grant such further relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

NOW COME Defendants, Deutsche Bank Trust Company Americans f/k/a Banker's Trust Company, as Trustee and Custodian by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. (collectively "Defendants"), by and through their attorneys, Myers & Allmand, PLLC, and for their Affirmative Defenses to Plaintiffs' Complaint ("Complaint"), state:

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred by the doctrine of laches.

3. Plaintiffs' claims are barred by the doctrine of unclean hands.

4. Plaintiffs' claims are barred by the statute of limitations.

5. Plaintiffs' own actions or omissions may be the direct and/or proximate cause of the damages alleged in Plaintiffs' Complaint.

6. Plaintiffs' claims are barred for failure to mitigate damages.

7. Parties, other than Defendants, may be the direct and/or proximate cause of all the damages alleged in the Complaint.

8. Defendants complied with MCL 600.3201.

Defendant reserve the right to amend and/or add Affirmative Defenses as it may become warranted throughout the course of discovery in this matter.

          MYERS & ALLMAND, PLLC, Attorneys for Defendants, Deutsche Bank Trust Company Americans f/k/a Banker's Trust Company, as Trustee and Custodian by: Saxon Mortgage Services, Inc. f/k/a/ Meritech Mortgage Services, Inc.


By: /s/ Jessica B. Allmand
Jessica B. Allmand (P59128)
8163 Grand River Avenue, Suite 400
Brighton, MI 48114

Dated: June 1, 2007    (810) 229-6620