JAMES B. HURLEY
And BRANDI HURLEY,

    Plaintiffs

-vs-

Case: 2:07-cv-11924
HON. NANCY G. EDMUNDS
Magistrate Steven R. Whalen

DEUTSCHE BANK TRUST COMPANY AMERICAS
f/k/a Banker's Trust Company, as Trustee and Custodian by:
SAXON MORTGAGE SERVICES, INC.,
DAVID C. LOHR,
And ORLANS ASSOCIATES, P.C.,

    Defendants.

Matthew Cooper (P43072)
Attorney for Plaintiff
181 W. Michigan Ave, Ste 1
PO Box 520
Paw Paw, MI  49079
269 657 3177

Orlans Associates, P.C.
TIMOTHY B. MYERS (P48152)
Attorney for Defendants DAVID C. LOHR and ORLANS ASSOCIATES, PC
P.O. Box 5041
Troy, MI  48007-5041
248 457 1000
tmyers@orlans.com

Jessica B. Allmand (P59128)
Attorney for Deutsche Bank Trust Company Americas, et al
2400 Lake Lansing Road, ste F
Lansing, MI  48912
517 371 5361

**<u>DEFENDANTS DAVID C. LOHR AND ORLANS ASSOCIATES, P.C.'S
ANSWER TO FIRST AMENDED COMPLAINT
AND AFFIRMATIVE DEFENSES</u>**

NOW COME Defendants David C. Lohr ("Lohr") and Orlans Associates P.C. ("Orlans"), by and through counsel, and submit this ANSWER to Plaintiffs' First Amended Complaint, and Affirmative Defenses, as follows:

1. Admit.

2. Admit as it relates to Defendants Lohr and Orlans.

3. Admit that the SCRA provides a basis for this Court to exercise jurisdiction.

**COUNT I: VIOLATION OF SCRA**

4. Unknown at this time and therefore denied; Defendants Lohr and Orlans leave Plaintiffs to their proofs.

5. Denied that the mortgage at issue here was entered into in 1996 for the reason it was executed on September 30, 2003; the other allegations are denied as unknown and Plaintiffs are left to their proofs.

6. Unknown at this time and therefore denied; Defendants Lohr and Orlans leave Plaintiffs to their proofs.

7. Admit that a foreclosure sale took place on October 14, 2004; all other allegations are denied as unknown at this time and Plaintiffs are left to their proofs.

8. Admit.

9. Admit.

10. Admit the affidavit was executed before a notary and was recorded along with the sheriff's deed; the remaining allegations regarding Lohr's violation of the SCRA are denied as untrue.

11. Denied as untrue as it relates to Lohr; the remaining allegations are denied as these defendants are without knowledge, and Plaintiffs are left to their proofs.

12. Unknown at this time and therefore denied; Defendants Lohr and Orlans leave Plaintiffs to their proofs.

13. Unknown at this time and therefore denied; Defendants Lohr and Orlans leave Plaintiffs to their proofs.

14. Unknown at this time and therefore denied; Defendants Lohr and Orlans leave Plaintiffs to their proofs.

15. Admit that co-Defendant Deutsche Bank Trust Co. placed the high bid at the October 14, 2004 sheriff's sale.

16. Denied as untrue; the deed becomes operative six months after the deed is recorded.

17. Unknown at this time and therefore denied; Defendants Lohr and Orlans leave Plaintiffs to their proofs.

18. Unknown at this time and therefore denied; Defendants Lohr and Orlans leave Plaintiffs to their proofs.

19. Unknown at this time and therefore denied; Defendants Lohr and Orlans leave Plaintiffs to their proofs.

20. Admit that an eviction action was commenced; all other allegations are denied as unknown, and Plaintiffs are left to their proofs.

21. Unknown at this time and therefore denied; Defendants Lohr and Orlans leave Plaintiffs to their proofs.

22. Unknown at this time and therefore denied; Defendants Lohr and Orlans leave Plaintiffs to their proofs.

23. Unknown at this time as it relates to Mr. Hurley's inability to communicate, and therefore denied; Defendants Lohr and Orlans leave Plaintiffs to their proofs. All other allegations are denied as untrue.

24. Unknown at this time and therefore denied; Defendants Lohr and Orlans leave Plaintiffs to their proofs.

25. Denied as untrue.

26. Unknown at this time and therefore denied; Defendants Lohr and Orlans leave Plaintiffs to their proofs.

27. Unknown at this time and therefore denied; Defendants Lohr and Orlans leave Plaintiffs to their proofs.

28. Denied as untrue.

WHEREFORE, Defendants Lohr and Orlans request this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award them costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

## COUNT II: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

29. No response is required.

30. Denied as untrue.

WHEREFORE, Defendants request this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendants costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. No response is required.

32. Denied as untrue.

33. Denied as untrue.

WHEREFORE, Defendants request this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendants costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

## COUNT IV: FRAUD

34. No response is required.

35. Denied as untrue.

36. Admit, but deny the relevancy of this fact to the claim for fraud; further deny that Defendant Lohr ever had any contact with Plaintiffs.

37. Admit, but deny the relevancy of this fact to the claim for fraud; further deny that Defendant Lohr ever had any contact with Plaintiffs.

38. Admit, but deny the relevancy of this fact to the claim for fraud; further deny that Defendant Lohr ever had any contact with Plaintiffs.

39. Unknown at this time and therefore denied; Defendants Lohr and Orlans leave Plaintiffs to their proofs.

40. Denied as untrue for the reason that there was never a promise to pay to vacate.

41. Denied as untrue.

WHEREFORE, Defendants request this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendants costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

## **COUNT V: CONVERSION**

42. No response is required.

43. Denied as untrue.

44. Denied as untrue.

45. Admit. By way of further answer, these Defendants state that there was no equity in the property.

46. Denied as untrue.

47. Denied as untrue.

48. Denied as untrue.

WHEREFORE, Defendants request this Court enter an Order of No Cause and dismiss this lawsuit with prejudice, and award Defendants costs and fees for having to defend this frivolous lawsuit, and to further award whatever additional relief is required.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff is barred from recovery pursuant to the Statute of Frauds.

3. Plaintiff is barred from recovery pursuant to the Statute of Limitations.

4. Plaintiff is barred from recovery as a result of his own wrongful or negligent conduct.

5. Plaintiff's actions or omissions are the direct and/or proximate cause of all damages alleged in the Complaint.

6. Plaintiff's claims are barred as a result of his failure to mitigate his alleged damages.

7. Defendants acted reasonably and performed their duties and obligations with due care at all times relevant to the above caption case.

8. Defendant Lohr was acting within the scope of his employment.

9. Defendants complied with Michigan Foreclosure By Advertisement statute MCL 600.3201 et seq.

10. There were no misrepresentations made to Plaintiffs.

11. All notice requirements under the mortgage have been complied with.

12. Plaintiffs are barred under the doctrines of accord and satisfaction;

waiver; collateral estoppel; and res judicata, and prior agreement to arbitrate.

13. Defendants reserve the right to assert any other affirmative defenses that may become known through further research and discovery.

Respectfully Submitted:

ORLANS ASSOCIATES, P.C.

Dated: October 25, 2007
/s/Timothy B. Myers
Timothy B. Myers (P48152)
Attorney for Defendants David Lohr and Orlans
P.O. Box 5041
Troy, MI 48007
(248) 457-1000
tmyers@orlans.com