| | |
|---|---|
| JAMES B. HURLEY and BRANDI HURLEY, jointly and severally, | Case No. 2:07-cv-11924 |
| | Hon. Nancy G. Edmunds |
| Plaintiffs, | |
| JAMES B. HURLEY, | Magistrate Judge Steven D. Pepe |
| Plaintiff/Counter-Defendant, | |
| v. | |
| Deutsche Bank Trust Company Americans f/k/a Banker's Trust Company, as Trustee and Custodian by: Saxon Mortgage Services, Inc., f/k/a Meritech Mortgage Services, Inc., | |
| Defendants/Counter-Plaintiffs, | |
| DAVID C. LOHR and ORLANS ASSOCIATES, P.C., | |
| Defendants. | |

_____/

| | |
|---|---|
| Matthew R. Cooper (P43072) | Jessica B. Allmand (P59128) |
| Schuitmaker, Cooper, Schuitmaker & Cypher, P.C. | Bernick, Omer, Radner & Ouellette |
| Attorneys for Plaintiffs and Counter-Defendant James Hurley | Attorneys for Defendants/Counter-Plaintiff, Deutsche Bank Trust Company Americans f/k/a Banker's Trust Company, as Trustee and Custodian by: Saxon Mortgage Services, Inc. f/k/a/ Meritech Mortgage Services, Inc. |
| 181 W. Michigan Ave., Suite 1 | |
| P.O. Box 520 | 2400 Lake Lansing Rd., Ste. F |
| Paw Paw, MI 49079 | Lansing, MI 48912 |
| (269) 657-3177 | (517) 371-5361 |
| | |
| Timothy B. Myers (P48152) | |
| Orlans Associates | |
| Attorneys for Defendants, David C. Lohr and Orlans Associates, P.C. | |
| P.O. Box 5041 | |
| Troy, MI 48007-5041 | |
| (248) 457-1000 | |

_____/

**DEFENDANTS, DEUTSCHE BANK TRUST COMPANY AMERICANS f/k/a
BANKER'S TRUST COMPANY, AS TRUSTEE AND CUSTODIAN BY:
SAXON MORTGAGE SERVICES, INC., f/k/a MERITECH MORTGAGE SERVICES, INC.'S, ANSWER
TO PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES RESULTING FROM VIOLATIONS OF
THE SERVICEMEMBERS' CIVIL RELIEF ACT AND AFFIRMATIVE DEFENSES**

NOW COME Defendants/Counter-Plaintiffs, Deutsche Bank Trust Company Americans f/k/a Banker's Trust Company, as Trustee and Custodian by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. (collectively "Defendants"), by and through their attorneys, Bernick, Omer, Radner & Ouellette, P.C., and for their Answer to Plaintiffs/Counter-Defendant's, James B. Hurley, and Plaintiff, Brandi Hurley's ("Plaintiffs") Amended Complaint ("Amended Complaint"), state:

1. In response to the allegation set forth in paragraph 1 of Plaintiffs' Amended Complaint, Defendants admit this allegation as true.

2. In response to the allegations set forth in paragraph 2 of Plaintiffs' Amended Complaint, Defendants admit these allegations as true as to Deutsche Bank Trust Company Americans f/k/a Banker's Trust Company, as Trustee and Custodian by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc.

3. In response to the allegations set forth in paragraph 3 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a be lief as to the truth thereof as the subject property of the Complaint is located in Paw Paw, Michigan, in the Western District of Michigan, and Plaintiffs' Amended Complaint does not indicate where Plaintiffs are currently residing.

## COUNT I - VIOLATION OF SCRA

4. In response to the allegations set forth in paragraph 4 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof.

5. In response to the allegations set forth in paragraph 5 of Plaintiffs'

Amended Complaint, Defendants admit that Mr. Hurley executed a mortgage on the residence located at 53107-59-1/2 Street, Hartford, Michigan 49057 ("Subject Property"). As for the remaining allegations in this paragraph, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof.

6. In response to the allegations set forth in paragraph 6 of Plaintiffs' Amended Complaint, Defendants deny the allegations that Sgt. Hurley was on active duty since July, and further answers that Exhibit 1 to Plaintiffs' Amended Complaint does not attest to a July 2004 active duty service date for Plaintiff, but instead purports to give an active duty service date beginning October 25, 2004. Further, Defendants neither admit nor deny the remaining allegations for lack of information upon which to form a belief as to the truth thereof.

7. In response to the allegations set forth in paragraph 7 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegations that Plaintiff was on full-time active service in the U.S. Army when the Subject Property was foreclosed on for lack of information upon which to form a belief as to the truth thereof. Further, Defendants admit that a sheriff's deed on the mortgage foreclosure was recorded with the Van Buren County Register of Deeds on October 25, 2004.

8. In response to the allegation set forth in paragraph 8 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof, and for the reason that these allegations do not pertain to Defendants.

9. In response to the allegations set forth in paragraph 9 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny as the Affidavit speaks for itself, and the allegations do not pertain to Defendants.

10. In response to the allegations set forth in paragraph 10 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny as the Affidavit speaks for itself, the allegations contain legal conclusions to which no response is necessary, and the allegations do not pertain to Defendants.

11. In response to the allegations set forth in paragraph 11 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof.

12. In response to the allegations set forth in paragraph 12 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegations for the reason that it constitutes a legal conclusion to which no response is required.

13. In response to the allegations set forth in paragraph 13 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegations for the reason that it constitutes a legal conclusion to which no response is required.

14. In response to the allegations set forth in paragraph 14 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegations for the reason that it constitutes a legal conclusion to which no response is required.

15. Defendants admit the allegations set forth in paragraph 15 of Plaintiffs' Amended Complaint.

16. Defendants admit the allegations set forth in paragraph 16 of Plaintiffs' Amended Complaint.

17. In response to the allegations set forth in paragraph 17 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegations for the reason that it constitutes a legal conclusion to which no response is required. Defendants further aver that

Plaintiff did not receive his orders directing him to active duty on September 11, 2004.

18. In response to the allegations set forth in paragraph 18 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegations for the reason that it constitutes a legal conclusion to which no response is required.

19. In response to the allegations set forth in paragraph 19 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegations for the reason that it constitutes a legal conclusion to which no response is required. Defendants further admit that the property was sold to BFP.

20. In response to the allegations set forth in paragraph 20 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegations for the reason that it constitutes a legal conclusion to which no response is required. Defendants further admit that eviction proceedings were initiated.

21. In response to the allegations set forth in paragraph 21 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegations for the reason that they constitute a legal conclusion to which no response is necessary, and further deny all remaining allegations as untrue.

22. In response to the allegations set forth in paragraph 22 of Plaintiffs' Amended Complaint, Defendants deny the allegations as untrue.

23. In response to the allegations set forth in paragraph 23 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof, as Defendants have no knowledge of the Plaintiffs' ability to communicate with the Defendants. Defendants further deny communication with wife regarding eviction process.

24. In response to the allegations set forth in paragraph 24 of Plaintiffs' Amended Complaint, Defendants deny the allegations in the first sentence as untrue. Further, Defendants admit the allegation that Plaintiff, Mr. Hurley, is the only signer on the mortgage.

25. In response to the allegations set forth in paragraph 25 of Plaintiffs' Amended Complaint, Defendants deny the allegations as untrue.

26. In response to the allegations set forth in paragraph 26 of Plaintiffs' Amended Complaint, Defendants deny the allegations as untrue.

27. In response to the allegations set forth in paragraph 27 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof.

28. In response to the allegations set forth in paragraph 28 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof.

WHEREFORE, Defendants respectfully request that this Court dismiss Count I of Plaintiffs' Amended Complaint with prejudice; award Defendants their costs, including reasonable attorneys fees, for having to defend this action; and grant such further relief as this Court deems just and equitable.

**COUNT II - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

29. Defendants hereby reallege and incorporate paragraphs 1 through 28 of their Answer as though each were fully set forth herein.

30. In response to the allegation set forth in paragraph 30 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegation for the reason that it constitutes a legal conclusion to which no response is required, and further that Defendants lack

information upon which to form a belief as to the truth thereof.

WHEREFORE, Defendants respectfully request that this Court dismiss Count II of Plaintiffs' Amended Complaint with prejudice; award Defendants their costs, including reasonable attorneys fees, for having to defend this action; and grant such further relief as this Court deems just and equitable.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Defendants hereby reallege and incorporate paragraphs 1 through 30 of their Answer as though each were fully set forth herein.

32. In response to the allegations set forth in paragraph 32 of Plaintiffs' Amended Complaint, Defendants deny the allegations as untrue.

33. In response to the allegations set forth in paragraph 33 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegations for lack of information upon which to form a belief as to the truth thereof.

WHEREFORE, Defendants respectfully request that this Court dismiss Count III of Plaintiffs' Amended Complaint with prejudice; award Defendants their costs, including reasonable attorneys fees, for having to defend this action; and grant such further relief as this Court deems just and equitable.

## COUNT IV - FRAUD

34. Defendants hereby reallege and incorporate paragraphs 1 through 33 of their Answer as though each were fully set forth herein.

35. In response to the allegations set forth in paragraph 35 of Plaintiffs' Amended Complaint, Defendants deny the allegations as untrue.

36. In response to the allegation set forth in paragraph 36 of Plaintiffs'

Amended Complaint, Defendants neither admit nor deny this allegation as the affidavit/document speaks for itself and further Defendants neither admit nor deny this allegation for the reason that the allegation does not pertain to these Defendants.

37. In response to the allegation set forth in paragraph 37 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny this allegation as the affidavit/document speaks for itself and further Defendants neither admit nor deny this allegation for the reason that the allegation does not pertain to these Defendants.

38. In response to the allegation set forth in paragraph 38 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny this allegation as the affidavit/document speaks for itself and further Defendants neither admit nor deny this allegation for the reason that the allegation does not pertain to these Defendants.

39. In response to the allegation set forth in paragraph 39 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny this allegation as the affidavit/document speaks for itself and further Defendants neither admit nor deny this allegation for the reason that the allegation does not pertain to these Defendants.

40. In response to the allegations set forth in paragraph 40 of Plaintiffs' Amended Complaint, Defendants deny that they offered to pay Ms. Hurley any funds.

41. In response to the allegation set forth in paragraph 41 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny this allegation for the reason that it constitutes a legal conclusion to which no response is required.

WHEREFORE, Defendants respectfully request that this Court dismiss Count IV of Plaintiffs' Amended Complaint with prejudice; award Defendants their costs, including reasonable attorneys fees, for having to defend this action; and grant such further relief as this

Court deems just and equitable.

## COUNT V - CONVERSION

42. Defendants hereby reallege and incorporate paragraphs 1 through 41 of their Answer as though each were fully set forth herein.

43. In response to the allegation set forth in paragraph 43 of Plaintiffs' Amended Complaint, Defendants deny the allegation that there was equity in the Subject Property and further aver that there was negative equity in the Subject Property, and further deny that Defendants wrongfully foreclosed on the mortgage, wrongfully evicted Plaintiffs from the Subject Property and/or wrongfully converted the Subject Property for their own benefit.

44. In response to the allegations set forth in paragraph 44 of Plaintiffs' Amended Complaint, Defendants deny these allegation as untrue.

45. In response to the allegation set forth in paragraph 45 of Plaintiffs' Amended Complaint, Defendants admit that they have not paid any funds to Plaintiffs.

46. In response to the allegation set forth in paragraph 46 of Plaintiffs' Amended Complaint, Defendants deny the allegation that there was $50,000.00 in equity. Defendants neither admit nor deny further allegations for lack of information upon which to form a belief as to the truth thereof.

47. In response to the allegation set forth in paragraph 47 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegation for the reason that it constitutes a legal conclusion to which no response is required.

48. In response to the allegation set forth in paragraph 48 of Plaintiffs' Amended Complaint, Defendants neither admit nor deny the allegation for the reason that it constitutes a legal conclusion to which no response is required.

WHEREFORE, Defendants respectfully request that this Court dismiss Count V of Plaintiffs' Amended Complaint with prejudice; award Defendants their costs, including reasonable attorneys fees, for having to defend this action; and grant such further relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

NOW COME Defendants, Deutsche Bank Trust Company Americans f/k/a Banker's Trust Company, as Trustee and Custodian by: Saxon Mortgage Services, Inc. f/k/a Meritech Mortgage Services, Inc. (collectively "Defendants"), by and through their attorneys, Bernick, Omer, Radner & Ouellette, PC and for their Affirmative Defenses to Plaintiffs' Amended Complaint ("Amended Complaint"), as per Fed. R. Civ. P. 15(a) and LR 15.1 state:

1. Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred by the doctrine of laches for the reason that Plaintiffs waited for over three years from date of default on the mortgage to bring this action, and that Plaintiffs failed to contact Defendents and provide them of proof of Mr. Hurley's alleged military status.

3. Plaintiffs' claims are barred by the doctrine of unclean hands.

4. Plaintiffs' claims are barred by the statute of limitations.

5. Plaintiffs' own actions or omissions may be the direct and/or proximate cause of the damages alleged in Plaintiffs' Amended Complaint / contributory negligence.

6. Plaintiffs' own actions or omissions were inconsistent with their alleged claims and upon which Defendants relied / estoppel.

7. Plaintiffs' claims are barred for failure to mitigate damages.

8. Parties, other than Defendants, may be the direct and/or proximate cause of all the damages alleged in the Amended Complaint.

9. Defendants complied with MCL 600.3201.

10. Defendants are released from liability as Plaintiffs made oral statements manifesting an intention to discharge Defendants from any duty surrounding the foreclosure and eviction of Plaintiffs.

11. Plaintiffs' claims are barred by the doctrine of res judicata as Defendants went through the proper court ordered procedures to obtain the home and Plaintiffs' failed to raise a defense, any defense or denial, to same.

12. Plaintiff's claims are waived as Plaintiffs intentionally failed to refute or deny Defendants' legal right to foreclose on the subject Property and then voluntarily relinquished their rights by both words and conduct when they abandoned the subject property and failed to defend the eviction proceeding.

Defendants reserve the right to amend and/or add Affirmative Defenses as it may become warranted throughout the course of discovery in this matter.

BERNICK, OMER, RADNER & OUELLETTE, P.C., Attorneys for Defendants/Counter-Plaintiffs, Deutsche Bank Trust Company Americans f/k/a Banker's Trust Company, as Trustee and Custodian by: Saxon Mortgage Services, Inc. f/k/a/ Meritech Mortgage Services, Inc.

By: /s/ Jessica B. Allmand
Jessica B. Allmand (P59128)
2400 Lake Lansing Rd., Suite F
Lansing, MI 48912
(517) 371-5361
jallmand@borpc.com

Dated: October 26, 2007