STATE OF MICHIGAN
IN THE UNITED STATES DISTRICT COURT - EASTERN DISTRICT
231 W. Lafayette Boulevard, Detroit, Michigan 48226
(313) 234-5005

JAMES B. HURLEY and BRANDI
HURLEY, jointly and severally,

     Plaintiffs,                                File No.: 2:07-cv-11924
                                              Hon.: Nancy G. Edmunds

JAMES B. HURLEY,                             Magistrate Steven R. Whalen

     Plaintiff/Counter-Defendant,

v

DEUTSCHE BANK TRUST COMPANY
AMERICANS f/k/a Banker's Trust
Company, as Trustee and Custodian by:
SAXON MORTGAGE SERVICES
INC., f/k/a Meritech Mortgage Services,
Inc.

     Defendant/Counter-Plaintiff

DAVID C. LOHR, and ORLANS
ASSOCIATES, PC,

     Defendants.
_____/

Matthew R. Cooper (P43072)             Jessica B. Allmand (P59128)
Schuitmaker, Cooper, Schuitmaker & Cypher, P.C.   Bernikc, Omer, Radner & Ouellette, P.C.
Attorneys for Plaintiffs & Counter-Defendant    Attorneys for Defendants/Counter-Plaintiff,
181 W. Michigan Avenue, Suite 1        Deutsche Bank Trust Company Americans f/k/a
P. O. Box 520                       Banker's Trust Co., as Trustee and Custodian by:
Paw Paw, MI 49079               Saxon Mortgage Services, Inc., f/k/a Meritech
(269) 657-3177                  Mortgage Services
                                     2400 Lake Lansing Road, Suite F
                                     Lansing, MI 48912
                                     (517) 371-5361

Daniel Romano (P49117)              Timothy B. Myers (P48152)
Co-Counsel for Plaintiff/Counter-Defendants    Orlans Associates, P.C.
2000 Town Center, Suite 900          Attorney for Defendants David C. Lohr
Southfield, MI 48075              and Orlans Associates, P.C.
(248) 746-4594                  P. O. Box 5041
                                     Troy, MI 48007-5041
                                     (248) 457-1000

_____/

*SCHUITMAKER,*
*COOPER,*
*SCHUITMAKER &*
*CYPHER, P.C.*
*ATTORNEYS AT LAW*

## PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES RESULTING FROM VIOLATIONS OF THE SERVICEMEMBERS' CIVIL RELIEF ACT (f/ka SOLDIERS' AND SAILORS' CIVIL RELIEF ACT – DATED MARCH 5, 2008

*Hurley v Deutsche Bank Trust Company, et al.*                    *File No.:2:07-cv-11924*
*Plaintiffs' Amended Complaint dated March 5, 2008*

     NOW COME the Plaintiff, Brandi Hurley, and for her Amended Complaint against the Defendants, Deutsche Bank Trust Company, Saxon Mortgage Services, Inc., David C. Lohr, and Orlans Associates, P.C. states as follows:

## JURISDICTIONAL ALLEGATIONS

1.    That Sgt. James B. Hurley and Brandi Hurley are the Plaintiffs in the above-entitled action.

2.    That all of these defendants are either domiciled in or are authorized to do business within the Eastern District of Michigan.

3.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1331.  This is an action to recover damages resulting from:

    A.    Violations by these Defendants of the Servicemembers' Civil Relief Act, 50 U.S.C. App. Secs 501-594, et seq. ("the SCRA"); and

    B.    Violations by these Defendants including other separate and independent causes of action sounding in conversion.

## COUNT I - VIOLATION OF SCRA

4.    On September 7, 1984, James B. Hurley became a member of the Michigan National Guard and the United States Army.

5.    On January 19, 1996, prior to active service in the United States Army, Sgt. James B. Hurley signed a mortgage after purchasing the residence located at 53107 - 59 ½ Street, Hartford, Michigan 49057.  For ten (10) years, Sgt. Hurley paid the mortgage on this property. This property was Sgt. Hurley's dream home as it was located on Paw Paw River, provided a beautiful view and afforded him the opportunity to fish, and his family the opportunity to be one with nature.  For a ten year period, Sgt. Hurley claimed this property as his own and made numerous improvements to his home.

6.    In July, 2004, Sgt. Hurley left Michigan for California to prepare for his departure to Iraq.  At this time, Sgt. Hurley was, through the permanent orders issued by the Department of Military and Veteran Affairs, on full-time, active service. (**Exhibit 1 to Plaintiffs' Amended Complaint**).  While in California, preparing for his departure to serve in Iraq, Sgt. Hurley, Brandi Hurley and her two children were under severe financial stress given the expenditure of funds necessary for Sgt. Hurley to properly serve the U.S. Army in Iraq. Sgt. Hurley is a mechanic and had to personally purchase

*Hurley v Deutsche Bank Trust Company, et al.*                                    *File No.:2:07-cv-11924*
*Plaintiffs' Amended Complaint dated March 5, 2008*

numerous tools and items that he was required to bring to Iraq to properly provide service to the United States of America in its operations in Iraq.

7.     While Sgt. Hurley (as a SCRA defined "Servicemember") and Brandi Hurley, (as a SCRA defined "Dependent") were protected under the SCRA through his service in the U.S. Army, these Defendants foreclosed on the Hurley home in Hartford, Michigan.  On October 14, 2004, these Defendants caused the Hurley's home to be subject to a mortgage foreclosure sale and resulting Sheriff's deed (**Exhibit 2 to Plaintiffs' Amended Complaint**).

8.     Defendant, David C. Lohr, signed the Non-Military Affidavit for the Sheriff's Deed on Mortgage Foreclosure stating that "the undersigned, being first duly sworn, states that upon investigation, he is informed and believes that none of the persons named in the notice attached to the sheriff's deed of mortgage foreclosure, nor any person upon who they or any of them were dependent, were in the <u>military service</u> of the United States at the time of sale or for six months prior thereto; nor the present grantee(s)." (Emphasis added). (**Exhibit 3 to Plaintiffs' Amended Complaint**)

9.     Defendant, David C. Lohr, further states in his Affidavit that "the undersigned further states that this Affidavit is made for the purpose of preserving a record and clearing title by virtue of the Soldier's and Sailor's Civil Relief Act of 1940, as amended." (**Exhibit 3 to Plaintiffs' Amended Complaint**).

10.    The Defendant, David C. Lohr, executed this non-military affidavit before a notary public and attached said notice to the Sheriff's Deed on Mortgage Foreclosure that was dated October 14, 2004.  Defendant, David C. Lohr's actions violated the SCRA and may be subject to penalties pursuant to 50 U.S.C. §521c.

11.    At the time Defendant, David C. Lohr, signed the affidavit, the recitation as contained in paragraph 8 above was not true or accurate. (**Exhibit 2 to Plaintiffs' Amended Complaint**).  In May 2004 Sgt. Hurley was transferred from Augusta to Greenville, Michigan.  In July 2004 through August 2004, Sgt. Hurley was "in the military service", on full time active duty, assigned to training in California (preparing for his service in Iraq) and protected under 32 U.S.C. 505, providing him protection under 50 U.S.C. § 501 - 594, et al. In addition, Brandi Hurley and her two minor children were dependent upon Sgt. Hurley.

12.     While in California from July 2004 through August 2004, pursuant to Federal Act, Sgt. Hurley was considered to be on active duty in the United States Military and was afforded protection under SCRA, including, but not limited to 50 U.S.C. § 533c – protection for 90 days after military service.  These

Defendants violated the SCRA by having the foreclosure sale on October 14, 2004.  In accordance with 50 U.S.C. § 533c and § 303, Sgt. Hurley was protected against such foreclosure actions, including, but not limited to the above sections of SCRA these Defendants violated the Act in contravention of Sgt. Hurley's rights.

13.    Sgt. Hurley and Brandi Hurley were protected under the SCRA in accordance with 50 U.S.C. 516a pursuant to September 9, 2004 Orders that he received on September 11, 2004. Sgt. Hurley and Brandi Hurley were protected from the foreclosure action in accordance with 50 U.S.C. § 516a.

14.    Sgt. Hurley and Brandi Hurley were protected under SCRA from the October 14, 2004 foreclosure action.  Applicable sections of the SCRA include but are not limited to:

    A.     32 U.S.C. § 505b
    B.     50 U.S.C. § 533c and § 303
    C.     50 U.S.C. § 516a.

15.    The Defendant, Deutsche Bank and Trust Company Americas at 1:00 p.m. local time on October 14, 2004, at the steps of the Circuit Court for Van Buren County, purchased Sgt. Hurley's home.

16.    This Sheriff's Deed was to become operative at the expiration of six (6) months from the date of this sale.

17.    The October 14, 2004 foreclosure sale violated Sgt. Hurley's and Brandi Hurley's rights as protected under the SCRA, given that the Hurleys were protected from foreclosure pursuant to § 303 and 50 U.S.C. § 533c.  On September 11, 2004, Sgt. Hurley received the orders directing him to active duty that afforded him the protections under the SCRA, including, but not limited to 50 U.S.C. § 516a. (**Exhibit 4 to Plaintiffs' Amended Complaint**).

18.    These Defendants further violated Sgt. Hurley's and Brandi Hurley's protections under the SCRA by allowing the redemption period to run in violation of the SCRA, including, but not limited to 50 U.S.C. § 526b.

19.    Defendants further violated SCRA when they transferred ownership of  the subject property to a Bona Fide Purchaser.  These Defendants violated the SCRA, including, but not limited to 50 U.S.C. § 201h and 50 U.S.C. 526b. On April 18, 2005, the Defendants transferred ownership of the subject real estate while Sgt. Hurley was on active duty in Iraq, violating the SCRA, including, but not limited to, the above-referenced sections.  Also lost was the converted personal property of the Hurleys.

*Hurley v Deutsche Bank Trust Company, et al.*                    *File No.:2:07-cv-11924*
*Plaintiffs' Amended Complaint dated March 5, 2008*

20.   On or about May 13, 2005, while Sgt. Hurley was on active duty in Iraq, these Defendants initiated eviction proceedings against him (**Exhibit 5 to Plaintiffs' Amended Complaint**), Brandi Hurley, and the Hurley children in violation of the SCRA, including, but not limited to 50 U.S.C. §301 and §202.

21.   These Defendants violated the SCRA through their actions of foreclosing on the Hurley's property, allowing the redemption period to run/not tolling the redemption period, selling the Hurley real estate to a Bona Fide purchaser, converting the Hurley's personal property, and evicting Sgt. Hurley and his dependents.  At the time of the foreclosure sale, Sgt. Hurley was considered to be on active duty.  At the time of the running of the redemption period, Sgt. Hurley was in Iraq on active duty.  At the time of the sale to the Bona Fide purchaser, Sgt. Hurley was in Iraq on active duty.  At the time of the eviction proceeding, Sgt. Hurley was on active duty in Iraq. (**Exhibit 6 to Plaintiffs' Amended Complaint**).

22.   The above-mentioned sequence of events occurred while Sgt. Hurley and Brandi Hurley were afforded SCRA protections, causing numerous violations of the SCRA and subjecting these defendants to punitive damages in accordance with the SCRA.

23.   Sgt. Hurley did not have the ability to communicate and negotiate with these Defendants concerning the wrongful disposal of his home and the eviction of his wife and her children while he was in Iraq; these Defendants did, however, communicate with Brandi Hurley and fraudulently induced her to leave the premises, promising her the payment of $2,500.00 if she would leave quietly and without the need for the Sheriff's Department.  Mrs. Hurley vacated the property and never received any monies promised to her as an inducement for her to leave.

24.   Sgt. Hurley never agreed to relinquish his interest in his home.  Sgt. Hurley was the only signer on the subject mortgage.

25.   These Defendants received notice that Sgt. Hurley was in the United States Military on full-time active service prior to their foreclosure action.  Both by verbal communications by Brandi Hurley and written communication by Sgt. Hurley when he sent correspondence to their attention, directing that they were not to charge him higher interest on the mortgage than the six percent allowed by the SCRA. (**Exhibits 7 & 8 to Plaintiffs' Amended Complaint**).

26.   Further communication concerning these Defendants' violation of the SCRA was communicated to them during the eviction proceeding.

*Hurley v Deutsche Bank Trust Company, et al.*                           *File No.:2:07-cv-11924*
*Plaintiffs' Amended Complaint dated March 5, 2008*

27.     On December 22, 2005 Sgt. Hurley returned home from the war in Iraq to find someone else living in and claiming ownership to his home. (**Exhibit 9 to Plaintiffs' Amended Complaint**).  It was not until months later he learned he was unable to reclaim his property.

28.     Some of these Defendants admit that they knew Sgt. Hurley was on active duty in the Military when they failed to toll/allowed the redemption period to run, proceeded with eviction proceedings and evicted Sgt. Hurley, Brandi Hurley and her two children from the home, then sold the Hurley property to a Bona Fide Purchaser. (**Exhibit 10, Defendants' Answers to Discovery)**.

29.     The Hurleys lost their home consisting of limited unique acreage, river frontage and wilderness in Van Buren County, Michigan.

30.     As a result of the violations of the SCRA, the Sgt James B. Hurley and Brandi Hurley suffered damages including, but not limited to:
        a.      Loss of their subject, real property;
        b.      The loss of use and enjoyment of their river front home as described in the paragraphs herein;
        c.      Loss of dower and possessory interest;
        d.      The loss of personal property, including, but not limited to their dock, gazebo, a deck stand and double wide;
        e.      Negative impact on their credit and credit score/rating;
        f.      Loss of ability to replace their home "in kind";
        g.      Damage to their pride (i.e., it was published in the newspaper in their community that Sgt. Hurley was not married and not in the service, when in fact, he was married and had been in the military service for 23 years);
        h.      Cost to store most of their personal items in rental units, not only incurring rental charges, but sustaining damages relating to the emotional trauma and upheaval and use of their property;
        i.      Deprivation of their home, violations of the rights and benefits one incurs in being allowed to live in their home, free from harassment of being a victim;
        j.      Embarrassment;
        k.      For Sgt. Hurley while in Iraq, the extraordinary outrage over the actions of the Defendants;
        l.      Sgt. Hurley suffered severe emotional and mental distress while serving in Iraq focusing on his war efforts, while coping with the loss of his home, the loss of his home to support his wife and children, the loss of equity, anxiety over loss of credit and credit score/rating, and continuing emotional and mental distress.
        m.      Brandi Hurley sustained severe emotional and psychological stress and anxiety while dealing with the events causing them to leave their

home as well as the ramifications of coping with their loss and provide a home to her minor children.

n.      Attorney fees and costs;

o.      Other damages to be disclosed during the course of discovery.

WHEREFORE, Plaintiffs pray for Judgment against the Defendants for whatever amount this Honorable Court deems fair and just, including actual and compensatory damages, consequential damages, interest, costs, actual attorney fees and punitive damages as permitted by the SCRA, including, but not limited to 50 U.S.C. § 521(C)2.

## COUNT II - CONVERSION

31.    Plaintiffs adopt and incorporate herein by reference paragraphs 1 through 30 above as though fully restated herein.

32.    At the time the Defendants wrongfully foreclosed on the mortgage, evicted Plaintiffs from the residence and converted Plaintiffs' residence for their own benefit, there was equity in the residence which belonged to the Plaintiff, Sgt. James Hurley and Brandi Hurley.

33.    Plaintiffs believed that upon Sgt. Hurley's return from Iraq, they would be able to regain their property. However, the property was conveyed to a Bona Fide Purchaser. The Hurley's lost items of personal property, including but not limited to, equity, their floating dock, the hunting platform, gazebo and a double wide.

34.    Plaintiffs have repeatedly demanded that Defendants correct the wrongful foreclosure, eviction proceedings and loss of personal property.

35.    That Defendants, have both expressly, and by their silence, refused to compensate Plaintiffs, in any fashion for the value thereof.

36.    It is estimated that the value of the equity at the time of the wrongful foreclosure and eviction proceedings was at least $50,000.00. Plaintiffs' loss of enjoyment due to Defendants' conversion is nearly immeasurable.

37.    The acts described above constitute an unlawful conversion of Plaintiffs' property, resulting in damages to Plaintiffs.

38.    Pursuant to MCLA 600.2919a, Plaintiff is entitled to treble damages, costs, and attorney fees.

*Hurley v Deutsche Bank Trust Company, et al.*                    *File No.:2:07-cv-11924*
*Plaintiffs' Amended Complaint dated March 5, 2008*


        WHEREFORE, Plaintiffs pray for Judgment against the Defendants for whatever amount this Honorable Court deems fair and just, including actual and compensatory, consequential damages, interest, costs, actual attorney fees, treble damages provided by MCLA 600.2919a, and punitive damages as permitted by the SCRA.


Dated:  March 5, 2008                    s/Matthew R. Cooper
                                         Matthew R. Cooper (P43072)
                                         Schuitmaker, Cooper, Schuitmaker & Cypher, P.C.
                                         Attorneys for Plaintiffs
                                         181 W. Michigan Avenue, Suite 1
                                         P. O. Box 520
                                         Paw Paw, MI 49079
                                         (269) 657-3177
                                         mattcooper1@verizon.net

*Hurley v Deutsche Bank Trust Company, et al.*                                    *File No.:2:07-cv-11924*
*Plaintiffs' Amended Complaint dated March 5, 2008*

## **CERTIFICATE OF SERVICE**

I hereby certify that onMarch 5, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Timothy B. Myers, Esquire
Orlans Associates, P.C.
P.O. Box 5041
Troy, Michigan 48007-5041
tmyers@orlands.com

Jessica B. Allmand, Esquire
Bernick, Omer, Radner & Ouellette, P.C.
2400 Lake Lansing Road, Suite F
Lansing, MI 48912
jallmand@borpc.com

s/Matthew R. Cooper
Matthew R. Cooper (P43072)
Schuitmaker, Cooper, Schuitmaker & Cypher, P.C.
Attorneys for Plaintiffs
181 W. Michigan Avenue, Suite 1
P. O. Box 520
Paw Paw, MI 49079
(269) 657-3177
mattcooper1@verizon.net