UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES B. HURLEY and BRANDI HURLEY,

    Plaintiffs,

and

JAMES B. HURLEY,

    Counter-Defendant,

v.

DEUTSCHE BANK TRUST COMPANY
AMERICAS f/k/a Banker's Trust Company,
as Trustee and Custodian by: SAXON
MORTGAGE SERVICES, INC., f/k/a/
Meritech Mortgage Services, Inc.,

    Defendants/Counter-Plaintiffs,

and

DAVID C. LOHR and ORLANS
ASSOCIATES, P.C.,

    Defendants.
_____/

HON. GORDON J. QUIST

Case No. 1:08-CV-361

**MEMORANDUM OPINION AND ORDER**

Plaintiff James B. Hurley is a sergeant in the Michigan National Guard of the United States Army. On March 3, 2008, Sgt. Hurley and Brandi Hurley filed a second amended complaint[1] against Defendants, Deutsche Bank Trust Company Americas f/k/a Banker's Trust Company, as Trustee and Custodian by: Saxon Mortgage Services, Inc. (collectively, "Deutsche Bank"), and

---

[1] The Court relies upon the factual and procedural history of the instant case as outlined in its September 30, 2008, opinion.

David C. Lohr and Orlans Associates, P.C. (collectively, "Orlans"). Plaintiffs' second amended complaint alleged in Count I violations of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501, *et seq.* ("SCRA") and in Count II conversion under M.C.L. §§ 600.2919 arising from a foreclosure sale of real property owned by Sgt. Hurley. The parties subsequently filed several motions. On September 30, 2008, the Court entered an opinion and order granting Deutsche Bank's *Daubert* Motion to Exclude Any Testimony of John S. Odom, Jr., denying Plaintiffs' Motion for Summary Judgment Pursuant to Rule 56 and Judgment on the Pleadings Pursuant to Rule 12(c), granting Orlans' Motion for Summary Judgment as to Count I and denying it as to Count II, granting Deutsche Bank's Motion for Summary Judgment as to Count I and denying it as to Count II, and denying Orlans' Motion for Rule II Sanctions.

In granting Summary Judgment against Plaintiffs on the SCRA claim, the Court held that the SCRA does not provide a private cause of action for a violation of the sections invoked by Plaintiffs. The Court primarily relied upon the plain language of the SCRA in its analysis. In addition, the Court cited *Batie v. Subway Real Estate Corp.*, No. 3:07-CV-1415-M, 2008 WL 413627 at *7 (N.D. Tex. Feb. 15, 2008). In *Batie*, the United States District Court for the Northern District of Texas ("NDTX") held that "there is no provision in SCRA that authorizes a private cause of action to remedy violations of the statute." *Id.*

The Court now has before it Sgt. Hurley's Motion for Reconsideration of the Court's September 30, 2008, Opinion and Order. Plaintiff Brandi Hurley has filed a concurrence with Sgt. Hurley's motion. The crux of Plaintiffs' argument is that the NDTX has vacated its February 15, 2008, ruling in *Batie*, effectively reinstating Batie's action to enforce violations of the SCRA. Thus, according to Plaintiffs, the Court's reliance upon *Batie* was erroneous and consequently the Court's September 30, 2008, opinion and order finding no private cause of action under the SCRA sections invoked by Plaintiffs must be vacated.

2

In order to prevail on a motion for reconsideration the movant must make two showings. First, the movant must "demonstrate a palpable defect by which the Court and the parties have been mislead ...." W.D. Mich. LCivR 7.4(a). Second, the movant must "show that a different disposition of the case must result from a correction" of the palpable defect. *Id.* Applying this standard, the Court concludes that Plaintiffs' motion should be denied.

Initially, Plaintiffs fail to provide any documentation that explains the NDTX's reasons for vacating its February 15, 2008, order, and the Court is unable to find any on its own. More importantly, the Court noted in its September 30, 2008, opinion that *Batie*, an out-of-circuit case, was only instructive. The Court was not required to adhere to *Batie* then, nor is it required to do so now. All further arguments espoused by Plaintiffs regarding a private cause of action under the SCRA have been previously raised and addressed. Because "motions for reconsideration which merely present the same issues relied upon by the Court shall not be granted" under Local Rule 7.4(a), the Court declines to revisit Plaintiffs' arguments. In sum, Plaintiffs fail to establish that the Court's September 30, 2008, Opinion and Order contain a palpable defect.

Plaintiffs further argue that the Court, by granting Deutsche Bank's *Daubert* motion, precluded the use of expert John S. Odom, Jr., in any capacity. The Court explicitly found that Odom's curriculum vitae revealed sufficient experience to qualify him as an expert in the SCRA and in interpreting military orders. The Court merely excluded Odom's affidavit because virtually the entire document consisted of improper conclusions of law. Plaintiffs remain free to call Odom as an expert witness on relevant factual matters, should the need arise.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration of Opinion and Order Denying Plaintiffs' Motion for Summary Disposition and Granting in Part Defendant,

Deutsche Bank Trust Company Americas and Defendants, David C. Lohr and Orlans Associates, P.C.'s Motions for Summary Disposition (Docket No. 142) is **DENIED**.


Dated: November 14, 2008                                      /s/ Gordon J. Quist
                                                                            GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE