UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES B. HURLEY and BRANDI HURLEY,

    Plaintiffs,

and

JAMES B. HURLEY,

    Counter-Defendant,

v.

DEUTSCHE BANK TRUST COMPANY
AMERICAS f/k/a Banker's Trust Company,
as Trustee and Custodian by: SAXON
MORTGAGE SERVICES, INC., f/k/a/
Meritech Mortgage Services, Inc.,

    Defendants/Counter-Plaintiffs,

and

DAVID C. LOHR and ORLANS
ASSOCIATES, P.C.,

    Defendants.
_____/

HON. GORDON J. QUIST

Case No. 1:08-CV-361

**MEMORANDUM OPINION AND ORDER**

The Court has before it Defendant Deutsche Bank Trust Company American f/k/a Banker's Trust Company, as Trustee and Custodian by: Saxon Mortgage Services, Inc.'s ("Deutsche Bank") Motion for Reconsideration, or in the Alternative Certification for Interlocutory Appeal of the Court's March 13, 2009 Opinion and Subsequent Order. For the reasons set forth below, the Court will deny both motions.

## **MOTION FOR RECONSIDERATION**

To prevail on a motion for reconsideration, the movant must "not only demonstrate a palpable defect by which the Court and the parties have been mislead, but [must] also show that a different disposition of the case must result from a correction thereof." LCivR 7.4(a). A motion for reconsideration may not be used to simply rehash rejected arguments or to introduce new arguments. *See Westbrook v. Comm'r*, 68 F.3d 868, 879 (5th Cir. 1995).

Initially, Deutsche Bank devotes several pages of its brief to questioning the Court's reasons for reconsidering its initial conclusion that there is no implied right of action under the SCRA. The Court fully set forth its reasons for reconsideration in its March 13, 2009, Opinion. It thus declines to repeat them here.

Deutsche Bank first argues that the Court lacked jurisdiction to reconsider its prior ruling. It argues that because the Court initially dismissed Plaintiffs' SCRA claim after concluding that the SCRA does not afford Plaintiffs a private right of action, it lost federal question jurisdiction over this claim. Deutsche Bank's argument is patently frivolous. While the Court did dismiss Plaintiffs' only federal claim, it exercised supplemental jurisdiction over the remaining state law claim. The Court thus retained jurisdiction over the case, including the authority to reconsider any of its prior rulings. The September 30, 2008, Order and the November 14, 2008, Memorandum Order were both interlocutory in nature, and any appeal by Plaintiffs would have been premature. Plaintiffs recognized this and thus filed a motion for certification for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Next, Deutsche Bank contends that the Court erred in concluding that an implied right of action exists under the SCRA. Deutsche Bank's arguments on this point essentially repeat its previous arguments and thus, presents nothing new. *Calkins v. Midland Funding NCC-2 Corp.*, 412 F. Supp. 2d 699 (W.D. Mich. 2006), upon which Deutsche Bank relies, is distinguishable in that it

2

concerned a Michigan statute, not the SCRA or some other federal statute, and applied the test under Michigan law for determining whether a statute creates a private cause of action.

Deutsche Bank next contends that the Court erred in granting summary judgment to Plaintiffs because it intruded on the jury's function in concluding that Sgt. Hurley received his unit orders on September 11, 2004, and that the unit order could serve as an order under 50 U.S.C. App. § 516(a). As the Court understands it, Deutsche Bank argues that whether a unit order satisfies the requirement of an order under § 516(a) is a question of fact for the jury. The Court disagrees. As the Court noted in its March 13, 2009, Opinion, the unit order stated that Sgt. Hurley's unit "and its members" were ordered to active service. Contrary to Deutsche Bank's suggestion, § 516(a) does not refer to individual orders. Rather, it simply refers to a member of a reserve component "who is ordered to report for military service" and states that such person is entitled to the benefits of titles II and III of the SCRA upon receipt of such order. Because the unit order applied to both the unit and its members, this satisfied the plain meaning of the statute. Moreover, in reaching this conclusion, the Court gave the statute a liberal construction, as the Supreme Court directed in *Boone v. Lightner*, 319 U.S. 561, 63 S. Ct. 1223 (1943). Finally, Deutsche Bank contends that the Court erred in concluding that Sgt. Hurley was not required to actually provide a copy of his orders to Deutsche Bank in order to invoke his SCRA protections because "'no provision of the SCRA permits the court to excuse the service member from providing a copy of his orders to a creditor on the basis of "substantial compliance."'" (Def.'s Br. Supp. at 8 (quoting *Linscott v. Vector Aerospace*, No. CV05-682-HU, 2007 WL 220357, at *4 (D. Or. July 27, 2007).) However, a review of the cited *Linscott* opinion reveals that Deutsche Bank cherry-picked the quoted language without actually reviewing the opinion. This Court, in its March 13, 2009, Opinion, cited the *Linscott* court's January 31, 2006, decision considering whether a private right of action exists under § 537 of the SCRA. In the subsequent opinion that Deutsche Bank now cites, the court was addressing

3

the plaintiffs' claim under § 527 of the SCRA, which provides for a reduction of the interest rate on a servicemember's obligation to 6%. Section 527, unlike the sections at issue in this case, actually requires the servicemember to provide a copy of the order to the lender "not later than 180 days after the date of the servicemember's termination or release from military service." 50 U.S.C. App. § 527(b)(1). There is no comparable requirement in § 533(c) or § 526(b).

Deutsche Bank next contends that the Court erred in failing to consider the issue of whether Plaintiffs complied with the applicable statute of limitations. This argument is baffling because the Court has reviewed Deutsche Bank's summary judgment briefs and failed to locate any mention of a statute of limitations argument. The Court did address Deutsche Bank's laches argument, but that did not concern the limitations period. Deutsche Bank suggests that its argument concerning Plaintiffs' failure to pursue their remedies under § 521(g) was a statute of limitations argument, but it was not presented as such. The Court rejected this argument, as well as Defendants Lohr and Orlans' *Rooker-Feldman* doctrine. This Court could not have erred in failing to address an argument that was never raised.

Deutsche Bank inquires about the statute of limitations that would apply to SCRA claims and asserts that this Court's rulings would essentially allow an SCRA claim to run indefinitely, in light of the absence of an express limitations period. "This court is not obligated to raise and investigate possible legal arguments for the parties in a case." *Pranckeviciute v. Carroll*, No. 91-1586, 1992 WL 55737, at *1 (7th Cir. Mar. 20, 1992). Had Deutsche Bank perceived that the statute of limitations was an issue, it could have raised it and the Court would have addressed it. That argument, however, is now waived.[1]

---

[1] Although the Court will not examine the issue, Deutsche Bank may want to consider how *Wilson v. Garcia*, 471 U.S. 261, 105 S. Ct. 1938 (1985), in which the Supreme Court held that statutes of limitations for § 1983 actions are borrowed from state law, might affect its assertion that claims under the SCRA would run indefinitely in light of the Court's rulings in its March 13, 2009, Opinion.

4

Deutsche Bank next contends that the Court erred in concluding that the SCRA provides for punitive damages. However, its argument is largely the same as that presented in its summary judgment motion. Moreover, Deutsche Bank fails to cite any authority or persuasive reason why the Court's analysis was incorrect.

Finally, Deutsche Bank references an ABA Committee Recommendation & Report to the Standing Committee on Legal Assistance for Military Personnel, issued in February 2009, for which Plaintiffs' proposed expert, John Odom, was listed as a primary contact person. Deutsche Bank cites the report apparently for the proposition that even Plaintiffs' expert (much of whose opinion the Court excluded as improperly offering conclusions of law) realizes that the SCRA does not provide a private right of action because the report recommends that the SCRA be amended to remedy the result created by the Court's prior ruling in this case. It is interesting that Deutsche Bank previously sought to preclude Odom's opinions and conclusions but now suggests that the Court take its direction from what Odom said or endorsed in the report. Apart from Deutsche Bank's mischaracterization of the report and its recommendations, the Court finds it improper to consider the report for the same reasons Deutsche Bank cited in its previous *Daubert* motion.

### *Motion for Certification for Interlocutory Appeal*

Deutsche Bank moves in the alternative for an order certifying certain of the Court's rulings in its March 13, 2009, Order for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). A district court may certify an order for an interlocutory appeal as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

5

28 U.S.C. § 1292(b). A party seeking an interlocutory appeal must show that: "(1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993) (citing *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974)). The Sixth Circuit has said that review under § 1292(b) should be sparingly granted and then only in exceptional cases. *Kraus v. Bd. of County Road Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966).

Turning to the first two requirements, that the question be one of law that is controlling, the Sixth Circuit has said that "[a] legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). However, the resolution of the issue need not terminate the case. *In re Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992); *In re Fascella Enters., Inc.*, 2008 WL 4155676, at *2 (E.D. Pa. Sept. 10, 2008) ("The issue need not be one that would terminate the litigation, nor need it be determinative of the claims on their merits."). Here, several issues may be considered controlling issues of law. First, whether an implied right of action exists under the SCRA, or the specific sections of the SCRA at issue in this case, is a question of law that is controlling; the answer to this question determines whether Plaintiffs may maintain any SCRA claim at all. Second, the issue of whether a unit order may suffice to trigger a servicemember's SCRA protections pursuant to § 516(a) is a question of law that may also be controlling, at least with regard to the alleged violation of § 533(c) prohibiting non-judicial foreclosures.[2] Related to this issue is whether a servicemember is required to provide a copy of his orders to the lender in order to trigger § 516(a). Finally, the issue of whether punitive

---

[2]The issue may not be controlling regarding the alleged violation of § 526(b), which tolls the time to redeem property during any period of military service, because Deutsche Bank does not dispute that Sgt. Hurley received his individual orders prior to the expiration of the six-month redemption period.

6

damages are available under the SCRA may properly be characterized as a "controlling issue of law."

Next, there must be a substantial ground for difference of opinion. The "substantial ground" requirement has been characterized as "a genuine doubt or conflicting precedent as to the correct legal standard." *Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001). A district court within the Sixth Circuit has stated: "Substantial grounds for a difference of opinion exist when (1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *West Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1019 (W.D. Tenn. 2000) (internal quotations omitted). Although Deutsche Bank presents no argument on whether "substantial ground" for a difference of opinion exists, there is no conflict within the Sixth Circuit on any of the issues identified above, nor is there a circuit split on any of those issues. As far as the Court can discern, whether an implied right of action exists under the SCRA is an issue of first impression within the Sixth Circuit. The fact that this Court, as well as the *Batie* court in the Northern District of Texas, reconsidered initial rulings that there is no private right of action under the SCRA might suggest that the issue is difficult. However, at this juncture, all courts that have considered whether an implied right of action exists under the SCRA or the SSCRA under *Cort v. Ash* 422 U.S. 66, 95 S. Ct. 2080 (1975), have concluded that a private right of action should be implied. Thus, there are no conflicting decisions, and no grounds for certification of an interlocutory appeal.[3] At most, Deutsche Bank simply disagrees with the Court's rulings, which is insufficient

---

[3]Deutsche Bank points out that this Court cited *Hufstetler v. Davies*, 309 F. Supp. 1372 (N.D. Ga. 1970), in its September 30, 2008, Opinion. While it is true that the court in that case said that the SSCRA did not create a private right of action, that court did not consider whether a private right of action should be implied. Moreover, that case was decided several years prior to *Cort*. Similarly, while the court in *McMurtry v. City of Largo*, 837 F. Supp. 1155 (M.D. Fla. 1993), said that "[t]here is no provision in the Act which expressly provides for a private cause of action to be bestowed upon a military plaintiff," *id.* at 1157, that court did not consider whether a private right of action should be implied under *Cort*.

7

to create a difference of opinion. *Stanley v. St. Croix Basic Servs., Inc.*, 2008 WL 4861448, at *3 (D. V.I. Nov. 3, 2008).

The final consideration is whether an interlocutory appeal may materially advance the termination of the litigation. An appeal may satisfy this requirement if it "save[s] judicial resources and litigant expense." *W. Tenn. Chapter*, 138 F. Supp. 2d at 1026. Here it is not apparent that an interlocutory appeal would save judicial resources and litigant expenses. First, while the parties would undoubtedly prefer a ruling from the Sixth Circuit on the various SCRA issues, an appeal would not end the litigation because, even if the Sixth Circuit reversed this Court's rulings, the state law conversion claim would remain for trial. Second, if an appeal is permitted, "[m]any months would be required before the case would be reached for argument" on the Sixth Circuit's docket. *Kraus*, 364 F.2d at 922. On the other hand, a settlement conference is presently set for May 21, 2009, and, failing a settlement, the matter will be set for trial at the earliest date. The parties may appeal all issues to the Sixth Circuit after trial, which by all indications would last no longer than a few days. Finally, there is no indication that an interlocutory appeal would save either side significant expense, because a trial would be likely even if Deutsche Bank obtained a favorable ruling from the Sixth Circuit.

Therefore, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Deutsche Bank's Motion For Reconsideration, Or In The Alternative Certification For Interlocutory Appeal Of The Court's March 13, 2009 Opinion And Subsequent Order (docket no. 157) is **DENIED**.

Dated: April 21, 2009                                /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE